UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROLLS-ROYCE NAVAL MARINE, INC., | * * | CIVIL ACTION |
| Plaintiff, | * * | NO. 10-655 |
| VERSUS | * * | JUDGE RFD |
| A&B INDUSTRIES OF MORGAN CITY, INC., Defendant. | * * * * | MAGISTRATE PJH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY**

MAY IT PLEASE THE COURT:

A&B Industries of Morgan City, Inc. moves the Court to stay the Complaint for Declaratory Judgment filed by Rolls-Royce Naval Marine, Inc. on the grounds that a stay would promote judicial economy by avoiding the duplication of efforts that would be necessary in the case of parallel state and federal actions. Rolls-Royce Naval Marine's declaratory judgment action would not achieve a full and complete adjudication of the various issues in controversy between all interested parties. A proper resolution of this case requires deciding legal and factual matters that are currently at issue and being litigated in the underlying case involving, as parties, A&B, Rolls-Royce, and Johnny's Propeller Shop, Inc. – a company that was not made a party to the instant declaratory judgment action, but is a necessary party for a full resolution of the dispute. The dispute raises Louisiana state law issues of redhibition among others, and a

piecemeal resolution of the dispute that would ensue if the declaratory judgment action is not stayed may result in inconsistent factual or legal findings.

**BACKGROUND**

Rolls-Royce filed in this Court its Complaint for Declaratory Judgment on April 22, 2010, seeking adjudication of its liability to A&B resulting from defects in propellor blades it manufactured. On April 26, 2010, A&B filed a Petition in Redhibition against Johnny's Propeller Shop and Rolls-Royce in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana. On or about July 24, 2007 and May 23, 2008, A&B furnished Johnny's Propeller with data and specifications pertaining to five identical pushboats (hull numbers 328, 329, 330, 331 and 332) that were scheduled for construction, requesting that Johnny's Propeller provide a quote for the sale of ten suitable propellors to properly equip and propel those pushboats. Thereafter, Johnny's Propeller submitted two propellor price quotations to A&B as requested. On or about March 7, 2008 and July 15, 2008, A&B accepted the offers reflected in the those two quotations, thereby contracting with Johnny's Propeller to purchase the ten propellors intended for installation in A&B's five inland pushboats. Johnny's Propeller, in turn, provided A&B's vessel data and specifications to Rolls-Royce, with the request that Rolls-Royce design and manufacture propellors suitable for A&B's five pushboats based upon the vessel information provided. As each set of propellors was manufactured, Rolls-Royce sold them to Johnny's Propeller, which in turn sold them to A&B. When the propellors were installed and operated in the pushboats as A&B intended, they caused severe and excessive vibrations in the vessels due to the propellors' design and/or manufacturing defects, rendering them wholly unfit for their intended use. Specifically, the individual blades of the ten propellors, designed and

manufactured by Rolls-Royce and sold to A&B by Johnny's Propeller, were defective because they were too thin and supple for the intended use, as a result of which they became distorted during normal use on the five vessels on which they were installed.

Between the months of February and June of 2009, Johnny's Propeller made several attempts to repair the defective propellors, but those efforts were unsuccessful.  In June of 2009, while discussing the vibration problems with one of the shop workers at the premises of Johnny's Propeller, A&B was informed for the first time that the blades were too thin; and the shop worker demonstrated this by easily bending one of the blades.

On March 23, 2010, A&B made amicable demand upon Johnny's Propeller for reimbursement in the amount of $598,424.55, plus reasonable attorney fees and costs, as compensation for the amounts expended as a result of the sale of the defective propellors for A&B's five pushboats.  Johnny's Propeller refused to reimburse A&B.  On April 7, 2010, A&B made amicable demand upon Rolls-Royce for reimbursement in the amount of $598,424.55, plus reasonable attorney fees and costs.  Rolls-Royce responded by filing the instant Declaratory Judgment action denying liability.

## ARGUMENT

Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), a district court "may declare the rights and other legal relations of any interested party seeking such declaration." A district court is afforded broad discretion in determining whether to exercise its jurisdiction under the Declaratory Judgment Act, and a district court is under no compulsion to exercise that

jurisdiction.[1]  The United States Supreme Court in *Wilton* discussed the discretion of a district court to abstain from entertaining a declaratory judgment action as follows:

> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of the defenses open there.  This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding.[2]

The Supreme Court observed that when a parallel suit "involving the same parties and presenting an opportunity for ventilation of the same state law issues is pending in state court, a district court's consideration of a declaratory judgment action may constitute "gratuitous interference."[3]  The federal court's adjudication of claims properly before it should yield to considerations of practicality and wise judicial administration when the dispute can be better settled in a pending state court action.[4]

   The Fifth Circuit, in *Sherwin-Williams Co. v. Holmes County*, noted that the proper allocation of decision-making between state and federal courts, fairness, and efficiency were the considerations at the root of the Supreme Court's analysis in determining when a federal court

---

[1] *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

[2] *Wilton*, 515 U.S. at 283.

[3] *Id.* at 281.

[4] *Brillhart*, 316 U.S. at 495.

should yield to a state action.[5] In *St. Paul Insurance Co. v. Trejo*, the Fifth Circuit addressed the *Brillhart* considerations of federalism, fairness to the litigants, discouraging forum-shopping, and judicial economy. Where a declaratory judgment action pending before a district court raises issues of state law, and there is a parallel state court case pending that involves the same dispute, the district court should yield and allow a resolution of the matter in the state court action.[6] Under *Trejo*, the district court should consider the following factors: whether the plaintiff filed its federal court action in anticipation of a lawsuit filed by the defendant; whether the plaintiff engaged in improper forum shopping in bringing the suit; whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist; whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel suit between the same parties is pending; and whether retaining the lawsuit in federal court would serve the purpose of judicial economy.[7]

If a federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, there is a presumption that the entire suit should be decided by the state court.[8] Here, the pending state court suit involves all necessary parties to this controversy and will require the litigation of significant issues of Louisiana state law. Those same state law issues would arise in the federal court action, but with the significant absence of a party critical to the complete resolution of this dispute. A parallel litigation of this controversy in

---

[5] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383 (5th Cir. 2003).

[6] *See id.*

[7] *Trejo*, 39 F.3d at 590-91.

[8] *Sherwin-Williams*, 343 F.3d at 390-91

federal court increases the risk of inconsistent factual findings, and a partial adjudication in this Court that involves only two of the three parties to this controversy will not serve the ends of wise judicial administration and judicial economy. Under these circumstances, judicial economy would be furthered by this Court staying the declaratory judgment action before it and permitting the state court to address and resolve all the issues among all the parties to the dispute.

WHEREFORE, based on these and other considerations weighing in favor of adjudicating this controversy in state court, as well as more general considerations of judicial administration and economy, A&B Industries of Morgan City, Inc. respectfully requests that the Court grant this Motion to Stay and issue an order staying Rolls-Royce Naval Marine, Inc.'s Complaint for Declaratory Judgment.

    Respectfully submitted:

**MILLER & WILLIAMSON, LLC**

s/Sean D. Kennedy
MACHALE A. MILLER (#9499)
(machale@miller-llc.com)
I. MATTHEW WILLIAMSON (#13532)
(matt@miller-llc.com)
ILIAURA HANDS (#23115)
(ili@miller-llc.com)
SEAN D. KENNEDY (#31809)
(sean@miller-llc.com)
3150 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3150
Telephone: 504.525.9800
COUNSEL FOR DEFENDANT A&B INDUSTRIES OF MORGAN CITY, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record either through electronic transmission, the Case Management/Electronic Case File (CM/ECF) System for the USDC, WDLA, on this 18th day of June, 2010.

                                            s/Sean D. Kennedy
                                            SEAN D. KENNEDY (#31809)