UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ROLLS-ROYCE NAVAL MARINE, INC. | DOCKET NO. 6:10-cv-00655 |
| VERSUS | JUDGE DOHERTY |
| A&B INDUSTRIES OF MORGAN CITY, INC. | MAGISTRATE JUDGE HANNA |

REPORT AND RECOMMENDATION

(Rec. Doc. 9)

Before the Court is the motion to stay (Rec. Doc. 9), which was filed by the defendant, A&B Industries of Morgan City, Inc. For the reasons set forth below, it is recommended that the motion be DENIED AS MOOT, and it is further recommended that this matter be DISMISSED *sua sponte*, without prejudice.

### BACKGROUND

This declaratory judgment action arises out of a commercial transaction. In July, 2007 and again in May, 2008, A&B Industries of Morgan City, Inc. furnished to Johnny's Propeller Shop, Inc. the data and specifications for five identical pushboats that were scheduled for construction. A&B asked Johnny's to provide a quote for the sale of ten suitable propellers to properly equip and propel the

pushboats. In turn, Johnny's submitted A&B's vessel data and specifications to Rolls-Royce Naval Marine, Inc. and requested that Rolls-Royce design and manufacture suitable propellers. As the propellers were manufactured, Rolls-Royce sold them to Johnny's and Johnny's then sold them to A&B.

After the propellers were installed, A&B determined that the propellers caused excessive vibration of the pushboats because the propeller blades were too thin. A&B made amicable demand upon Rolls-Royce and also upon Johnny's for the $598,424.55 it claims was expended in investigating and repairing the propellers.

In this lawsuit, Rolls-Royce seeks a judgment declaring that it is not liable to A&B, pursuant to the terms of the contract between Rolls-Royce and Johnny's, or in the alternative, that A&B's recovery is limited by the terms and conditions contained in the contract between Rolls-Royce and Johnny's.

Less than a week after this lawsuit was filed, A&B filed a petition in redhibition in the 16th Judicial District Court, St. Mary Parish, Louisiana, naming both Rolls-Royce and Johnny's as defendants. Johnny's, as a domestic entity, could not be brought in to this case as a defendant as it is not diverse from A&B. Consequently, as the litigation currently stands, the forum where the rights of all three parties can be litigated is the 16th Judicial District Court. A&B filed the instant motion seeking

to stay this federal court proceeding, however, at oral argument, A&B indicated it had no objection to this matter being dismissed.

## DISCUSSION

This lawsuit presents a claim under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a).[1]  Under that statute, "a district court may declare the rights and other legal relations of any interested party seeking such declaration.  However, the district court is not compelled to exercise that jurisdiction."[2]  Because this is a declaratory judgment action, A&B's motion to stay is governed by the standard articulated in *Brillhart v. Excess Insurance Co. of America*[3] and *Wilton v. Seven Falls Co.*[4]  Under that standard, "a district court [has] broad discretion in determining whether to hear an action brought pursuant to the Declaratory Judgment Act."[5]  The Court's discretion, however, is not unfettered.[6]

---

[1] Rec. Doc. 1 at 1.

[2] *American Employers' Ins. Co. v. Eagle Inc.*, 122 Fed. App'x 700, 702 (5th Cir. 2004) (internal quotations omitted), citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995).

[3] 316 U.S. 491, 495 (1942).

[4] 515 U.S. 277, 289-90 (1995).

[5] *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009).

[6] *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994).

To assist in defining the parameters of a District Court's discretion, the Fifth Circuit developed a seven-part test for deciding whether to retain jurisdiction over declaratory judgment actions.[7] The factors, which are not exhaustive, mandatory, or exclusive,[8] address three broad considerations – federalism, fairness/improper forum shopping, and efficiency.[9] The seven factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[10] The

---

[7] *St. Paul v. Trejo*, 39 F.3d at 590-91.

[8] *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992), *cert. denied*, 506 U.S. 813 (1993).

[9] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-391 (5th Cir. 2003).

[10] *St. Paul v. Trejo*, 39 F.3d at 590-91.

undersigned finds that, in this case, these seven factors militate in favor of this Court not exercising jurisdiction over this case.

The first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, weighs heavily against this Court hearing the case. "[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute."[11] In this case, only as it pertains to A&B and Rolls-Royce, the matter to be resolved is the effect and interpretation of a contract, or more likely whether a claim under the Louisiana law of redhibition exists. In either event, it is a matter that can be competently resolved by a state court. No question of federal law has been presented. "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[12] This factor has been considered "of paramount concern."[13] Consequently, this is precisely the type of case in which the federal court should defer in favor of the related state court action.

---

[11] *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

[12] *Sherwin-Williams v. Holmes County*, 343 F.3d at 390-391.

[13] *Am. Fid. Ins. Co. v. Acadian Geophysical Serv., Inc.*, 1997 WL 786233, 2 (E.D. La. 1997).

The second factor to be considered is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, and the third factor is whether the plaintiff engaged in forum shopping in bringing the suit. In this case, it appears that Rolls-Royce brought this suit in anticipation of suit by A&B and did so in order to select the forum for the litigation. A&B sent a demand letter to Rolls-Royce on April 7, 2010; this lawsuit was filed on April 20, 2010; and the state court suit was filed April 26, 2010. However, "the mere act of filing a federal declaratory action in anticipation of a state lawsuit is not, in and of itself, impermissible."[14] What is important is "whether there was a legitimate reason to be in federal court."[15] A desire to avoid a plaintiff-friendly state court jury is not an illegitimate reason.[16] Similarly, a party seeking to avail itself of the traditional justification for diversity jurisdiction, ensuring fairness for out-of-state litigants, is not an illegitimate reason for filing suit in federal court.[17] Rolls-Royce has explained in its briefing that it is an out-of-state company. Consequently, there is no evidence that Rolls-Royce filed this suit for any illegitimate reason, and neither of these two factors militates one way or the other.

---

[14] *American Employers' v. Eagle*, 122 Fed. App'x at 703, citing *Sherwin-Williams v. Holmes County*, 343 F.3d at 397-99.

[15] *American Employers' v. Eagle*, 122 Fed. App'x at 703.

[16] *American Employers' v. Eagle*, 122 Fed. App'x at 703.

[17] *American Employers' v. Eagle*, 122 Fed. App'x at 703.

The fourth factor to be considered is whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums. Rolls-Royce stated, in its briefing, that this lawsuit has already been assigned a trial date while the state court action has not. Permitting this case to move forward might, therefore, result in a judgment being rendered in this forum sooner than in the state court. The undersigned finds that the critical element with regard to this factor is that the state court action includes Johnny's as a party, while Johnny's is not a party to the federal court suit. Permitting the federal court suit to move forward would, therefore, create the very real possibility of inconsistent and/or incomplete rulings. This weighs heavily in favor of this Court deferring to the state court proceeding.

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses. The undersigned finds that this is a neutral factor. While Rolls-Royce argues that federal court is more convenient in this case because its witnesses will be flying in from out-of-state for court appearances and there is an airport in Lafayette but none in Franklin, Rolls-Royce failed to consider the relative convenience of the two forums on the local litigants. Furthermore, the State District Court in Franklin is less than an hour's drive from the Lafayette airport, i.e. a shorter distance than the local litigants would have to commute to Lafayette if the case remained here, and is approximately an hour and a half from the New Orleans

airport. The Fifth Circuit does not require a finding that one forum is more convenient than the other. It merely requires a finding that the proposed forum is or is not convenient. The undersigned finds that two forums are equally convenient.

The sixth factor is whether retaining the lawsuit in federal court would serve the purposes of judicial economy. The undersigned finds this to be a critical issue. The state court suit involves all of the parties to the commercial transaction at issue: A&B, Johnny's, and Rolls-Royce. The federal court lawsuit does not include Johnny's as a party. Johnny's, as the seller of the propellers, is in privity with A&B for purposes of the redhibition claim. Johnny's is also in privity with Rolls-Royce as the manufacturer of the propellers with whom it has a contract. A&B is not in privity with Rolls-Royce, however, Rolls-Royce contends that A&B is subrogated to the rights of Johnny's pursuant to La. Civ. Code Art. 2524. Johnny's, as a seller in a redhibition claim, has a right of indemnification against Rolls-Royce as a manufacturer under La.Civ. Code Art. 2531. However, the statute specifically contemplates a defense to a seller's claim against the manufacturer for indemnity if the seller is at fault.[18] While Rolls-Royce would have this Court adjudicate its rights under its contract with Johnny's to bar or limit the potential recovery of A&B,

---

[18] See Comment (b) to Article 2531.

Johnny's would not be present as a party to defend itself and/or its claim for indemnification may be prejudiced in its absence.

Given the foregoing, the undersigned finds that Johnny's is an indispensable party to the litigation under Fed. Rule Civ. P. 19(a)(1), and should be included in the suit in order to assure a full and fair resolution of the dispute. However, Johnny's cannot be joined as its joinder would defeat jurisdiction. Therefore, at a minimum, the undersigned finds that this factor weighs heavily in favor of declining to exercise jurisdiction over this lawsuit.

The final factor, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, is not an issue in this lawsuit.

In summary, the undersigned finds that three of the six relevant factors weigh heavily in favor of this Court abstaining, while the other three relevant factors are neutral. The ultimate purpose for evaluating these factors is to decide "whether the questions in controversy between the parties to the federal suit... can better be settled in the proceeding pending in state court."[19] "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the

---

[19] *American Employers' v. Eagle*, 122 Fed. App'x at 702, quoting *Brillhart v. Excess*, 316 U.S. at 495.

claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[20] The undersigned finds that the dispute presented in this lawsuit can better be settled in the related proceeding that is pending in Louisiana state court.

Rather than merely recommending that this action be stayed, however, the undersigned recommends that this lawsuit be dismissed. This Court has discretion to dismiss this matter *sua sponte*.[21] There is a pending state court action in which all of the matters presented in this lawsuit may be fully litigated. The undersigned finds that Johnny's is an indispensable party under Rule 19(a), however its joinder cannot be accomplished without defeating jurisdiction. Pursuant to Fed. Rule Civ. P. 19(b) the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed." The factors in Rule 19 (b) militate in favor of dismissal just as the factors in *Trejo* militate in favor of abstention. Dismissing this action in deference to the state court action would

---

[20] *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992), quoting *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973).

[21] See, e.g., *Clarendon America Ins. Co. v. Faulk & Foster Real Estate Services*, 2009 WL 511308, 3 (E.D. La. 2009) ("the Court's broad discretion allows it to *sua sponte* dismiss this action in lieu of staying it.") See, also, *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998) (acknowledging without disapproval that district court dismissed declaratory judgment action *sua sponte*); *Colony Ins. Co. v. Holley*, 2002 WL 31683675, 1 (E.D. La. 2002); *Houston Gen. Ins. Co. v. Taylor Lumber & Treating, Inc.*, 1997 WL 40633, 3 (E.D. La. 1997) (dismissing suit *sua sponte*).

eliminate the possibility of inconsistent rulings and assure that all involved parties are properly before the court thereby eliminating any possible prejudice to the party not before this Court. No reasons have been articulated as to why this matter should be stayed rather than dismissed and A&B voiced no objection to the dismissal.

## CONCLUSION

It would be a waste of judicial resources to permit this lawsuit to move forward when there is a related state court action pending in which all parties to the transaction at issue have been joined. Declining jurisdiction in deference to the state court action would serve the goal of judicial economy and also eliminate the possibility of inconsistent rulings. This Court has discretion to dismiss the action as well as to stay it, and there is no valid reason why this matter should not be concluded at this time. Accordingly, for these reasons, it is recommended that A&B's motion to stay this action be DENIED AS MOOT and this action be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 15th day of September, 2010, at Lafayette, Louisiana.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)